IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                   Case No.: 8:19-cr-149-VMC-AAS-3

**ARMENIO CORTES SALAZAR,**
      **Defendant.**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND
## MOTION FOR DOWNWARD VARIANCE

The defendant, Armenio Cortes Salazar, by and through his undersigned counsel, respectfully comes before this Honorable Court having pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Mr. Cortes files this sentencing memorandum to address his objections to the Presentence Investigation Report ("PSR") and to move this Honorable Court for a downward variance that would result in a reduction of his offense level to level 25 and the imposition of a prison sentence of between 57 months and 71 months.

Armenio Cortes Salazar is 33 years old. He was detained at sea by the U.S. Coast Guard on this case on March 31, 2019. Mr. Cortes cooperated with federal law enforcement agents, who debriefed him on July 8, 2019 at the Citrus County Detention Center in Lecanto, Florida. Mr. Cortes entered his guilty plea on June 5, 2019.

# MEMORANDUM OF LAW

I. **18 U.S.C. § 3553(a)(1) Factors**

"The court, in determining the particular sentence to be imposed, shall consider – (1) the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Cortes qualifies for factors that warrant a departure from the advisory guidelines, based upon the nature and circumstances of the offense. Mr. Cortes participated in this crime solely out of love and concern for his mother and his girlfriend, both of whom needed expensive medical treatment not covered by Colombia's national health insurance. Mr. Cortes' mother needs eye surgery due to cataracts and his girlfriend has ovarian cysts that need to be removed. Mr. Cortes was not motivated by greed; he only wanted to earn money to help two people he loves. Mr. Cortes was unaware of the illicit nature of the boat's cargo until he was already well out to sea and was unable to return to land.

The plan to commit the crime in the instant case did not originate with Mr. Cortes. While it's true that Mr. Cortes committed the crime and has accepted full responsibility, Mr. Cortes has no history of criminal activity and was not seeking to involve himself in drug crime. The initial contact with Mr. Cortes was made by a man known only as "Junior" who promised to pay Mr. Cortes the equivalent of approximately $3,200.00 – more than Mr. Cortes normally makes in a year.

Mr. Cortes has attempted to correct his mistake by being forthcoming with law enforcement and assisting the United States in its investigation of other individuals engaged in wrongdoing. Though the government hasn't filed a motion pursuant to USSG § 5K1.1, requesting that the Court depart from the Sentencing Guidelines in recognition of

his substantial assistance, the government has up to one year from the sentencing date to file such a motion. Fed. R. Crim. P. 35(b). Whether or not the government files such a motion in the future, Mr. Cortes prays that this Court will consider the factors detailed in this memorandum and grant a downward variance from the sentencing guidelines.

II.     **18 U.S.C. § 3553(a)(2) Factors**

In addition to the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(2) provides that the court shall consider:

> The need for the sentence imposed
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

Mr. Cortes has no criminal record and worked at a lawful occupation up to the dates of the instant offense. Imposing a prison sentence of between 57 months and 71 months will more than sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of Mr. Cortes. There can be no doubt that Mr. Cortes' conduct in this case is an aberration and that he will never again commit a crime.

Given the 18 U.S.C. § 3553(a) factors and the preceding facts, a prison sentence of between 57 months and 71 months would be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. 18 U.S.C. § 3553(a).

## III. USSG § 3B1.2 Factors

The defendant submits that his role in the offense was minimal pursuant to USSG § 3B1.2 and that he should receive a role reduction of four levels. USSG § 3B1.2, comment. (n.3(C)), states that the court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-makicomment.ng authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity."

USSG § 3B1.2, comment. (n.3(C)). The note goes on to state: "For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks *should be considered for an adjustment under this guideline*." (Emphasis added.)

In the instant case, Mr. Cortes did not understand the scope and structure of the criminal activity. Only after he was aboard the vessel and too far from land to swim back to shore did he learn of the nature of the vessel's cargo. As he related to DEA Special Agent Carlos Galloza and FBI Intelligence Analyst Waleska Lopez-Mojica after his arrest, Mr. Cortes had no maritime experience, did not know the geo-coordinates of the rendezvous at sea, and was only responsible for changing the vessel's fuel barrels. Mr. Cortes played no role whatsoever in planning or organizing the criminal activity. Mr. Cortes neither exercised nor influenced the exercise of decision-making authority. Mr.

Cortes' participation in the commission of the criminal activity was minimal: he merely changed the fuel barrels. The degree to which Mr. Cortes stood to benefit from the criminal activity also was minimal; he was to be paid the equivalent of approximately 3,200 USD ($3,200.00) while the cargo had an estimated street value in excess of $38,000,000. *Both relative to the co-defendants in this case and to similarly situated individuals in the larger realm of drug trafficking, Mr. Cortes' role in the offense was minimal.*

### IV.    USSG § 2D1.1(a)(5)(iii) Adjustment

Mr. Cortes submits that he qualifies for a four-level reduction pursuant to USSG § 3B1.2. If the Court agrees, then pursuant to USSG § 2D1.1(a)(5)(iii) the defendant's base offense level should be reduced an additional four levels.

### CONCLUSION

Mr. Cortes' base offense level is 38 and his criminal history category is I. He is entitled to receive a reduction of 2 levels pursuant to USSG § 5C1.2(a) and an additional 3 levels for acceptance of responsibility, lowering Mr. Cortes' offense level to 33. For the reasons listed above, Mr. Cortes submits that he qualifies for an additional four-level reduction pursuant to USSG § 3B1.2, to level 29. If the Court agrees, then pursuant to USSG § 2D1.1(a)(5)(iii) Mr. Cortes qualifies for an additional four-level reduction, to level 25, resulting in a prison sentence of between 57 months and 71 months.

**WHEREFORE**, the Defendant, Armenio Cortes Salazar, respectfully submits his objections to the PSR and moves this Honorable Court for a downward variance that would result in a prison sentence of between 57 months and 71 months.

**Dated** this 3rd day of September, 2019.

Respectfully submitted,

*/s/ Shelton S. Bridges*

**Shelton S. Bridges, Esquire**
Florida Bar No. 330980
Attorney and Counselor at Law
Bridges Law Group, PLLC
3690 W. Gandy Blvd., #458
Tampa, FL 33611-2608
Telephone: (813) 609-0071
Primary e-mail: eservice@sheltonbridges.com (e-service only)
Secondary e-mail: shelton@sheltonbridges.com
Attorney for Defendant, Armenio Cortes Salazar

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

AUSA Diego F. Novaes
United States Attorney's Office
400 N. Tampa St., Ste. 3200
Tampa, FL 33602

*/s/ Shelton S. Bridges*

**Shelton S. Bridges, Esquire**